*972 OPINION.
Sternhagen:
1. The Commissioner, in our opinion, correctly disallowed the deduction by the Montana Company in 1920 of any amount in respect of the retirement of its outstanding bonds and the issuance therefor of preferred shares. The corporation in 1917 *973 borrowed $302,000 in cash and promised to pay $400,000, for which it issued its bonds. In other words, the bonds were “ sold at a discount ” of 24½. In 1920, $188,000 par value of these bonds were outstanding and the corporation, instead of paying them off in cash, discharged them by issuing preferred shares to the bondholders, par for par. This was not a loss to the corporation. It was a change in its capitalization. Instead of suffering the outlay of money in excess of the amount borrowed, it created a new distribution of its shares, thus avoiding its fixed financial obligation and devoting the borrowed money to the ordinary risks of its business. A corporation pays nothing by issuing shares. It only readjusts its capital. Eisner v. Macomber, 252 U. S. 189; Chicago, Rock Island & Pacific Railway Co., 13 B. T. A. 988; affirmed on this point, Chicago, Rock Island & Pacific Railway Co. v. Commissioner, 47 Fed. (2d) 990.
It does not matter that the shares issued were in fact worth par. As to the issuing corporation, they did not represent an outlay of either cash or property. The corporation’s assets remained intact. While the value of the shares may determine gain or loss to the recipient as to whom they are ordinary property, it has no such significance to the corporation, as to which the shares are mere evidences of ownership in the enterprise. Cf. Houston Brothers Co., 21 B. T. A. 804.
The petitioner argues that since the apparent intention was to treat the retirement as if cash had passed and since the effect was the same, its tax liability should be determined as if cash had been paid by shareholders for the new shares and used by the corporation to pay its bond obligations at par. But the facts must control.[1] United States v. Phellis, 257 U. S. 156; Ralph J. Chandler Shipbuilding Co., 22 B. T. A. 5.
In our opinion, the Commissioner, in determining the net income of the Montana corporation, correctly disallowed the deduction claimed.
2. The Montana return was filed March 14,1921, and the limitation period would have expired March 14, 1926. Meanwhile it transferred its assets to the 375 Park Avenue Corporation and dissolved. It is stipulated that the 375 Corporation is liable as transferee save for the statute of limitations. The notice of such liability was mailed to the 375 Corporation on February 25, 1927, which was within one *974 year after the expiration of the Montana Corporation’s period. This was timely as provided by section 280 (b) (1), Revenue Act of 1926, then in effect. No assessment against the Montana Corporation was necessary, Woodley Petroleum Co., 16 B. T. A. 253. The liability of the 375 Corporation is therefore sustained, and in Docket No. 25976 judgment will be entered for the full amount of the deficiency.
3. The assets of the 375 Corporation were transferred to the 373 Park Avenue Corporation, and it is stipulated that the latter may be held liable as transferee of the transferee save as the liability may be barred by limitation. The notice to the 373 Corporation was mailed August 8, 1929, and its liability is governed by the Revenue Act of 1928. Section 311(b) (2) provides that the period of limitation is:
(2) In the case of the liability of a transferee of a transferee of the property of the taxpayer, — within one year after the expiration of the period of limitation for assessment against the preceding transferee, hut only if within three years after the expiration of the period of limitation for assessment against the taxpayer * * *.
The period as to the taxpayer (Montana Corporation) expired March 14, 1926, and since the statute as to the 373 Corporation expired three years thereafter, or on March 14, 1929, and the notice to it was not mailed until August 8,1929, the liability of the 373 Corporation is barred.
In Docket No. 45913, judgment of no deficiency will be entered.

In Dochet No. £5976 judgment will be entered for the respondent. In Dochet No. 5913 judgment will be entered for the petitioner.

 Even if cash had been paid, an interesting query would arise as to whether, since the payment of less than the amount borrowed has been held not to result in gain, National Sugar Mfg. Co., 7 B. T. A. 577; Kirby Lumber Co. v. United States - Fed. (2d) - (Ct. Cls., Dee. 1, 1930) (now on review in U. S. Supreme Court), the payment of more than the amount borrowed results in loss. Cf. Chicago, Rode Island & Pacific Railway Co. v. Commissioner, 47 Fed. (2d) 990.